1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY ESPOSITO,                                    CASE NO. 08cv742-H (WMc)

12                                    Plaintiff,           REPORT AND
                                                          RECOMMENDATION REGARDING
     vs.                                                  (1) DEFENDANTS' MOTION TO
13                                                        DISMISS THE COMPLAINT; and (2)
                                                          *SUA SPONTE* DISMISSAL OF
14   D. KHATRI, M.D., et al.,                             CLAIMS

15                                    Defendant.

16

17        In this prisoner civil rights case, Anthony Esposito ("Plaintiff"), is proceeding *pro se* and

18   *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a).  Plaintiff alleges

19   that Defendants Khatri, Cook, Aymar and Calvin violated his civil rights while in custody at

20   Centinela State Prison, located in Imperial, California. (Compl. at 1.)

21        **PROCEDURAL BACKGROUND**

22        On April 23, 2008, Plaintiff filed a civil rights complaint. [Docket No. 1.] On August 26,

23   2008, Defendants Khatri and Cook filed a Motion to Dismiss Plaintiff's Complaint. [Docket No.

24   11.]   On October 22, 2008, Plaintiff filed an Opposition. [Docket No. 19.]

25        **FACTS**

26        A brief history of Plaintiff's medical evidence relevant to his claims is presented here.

27   These facts are taken from the parties pleadings and are not to be construed as findings of fact by

28   the Court.

- 1 -                                    08cv742-H (WMc)

1    December 2006: Plaintiff received an MRI of the cervical spine.  Findings revealed "no

2  abnormalities of the spinal cord. Some stenosis at the C6-7 level and mild narrowing of the right

3  neutral foramen and moderate narrowing fo the left neural foramen. (Compl. Ex. A at 34.)

4    March 2007: Plaintiff is authorized by Chief Medical Officer Khatri for a neurosurgery

5  consultation with Dr. Travis Calvin located in El Centro, CA, regarding Plaintiff's spinal stenosis

6  and cervical spine.

7    May 2007: Plaintiff is authorized by Chief Medical Officer Barreras for a further

8  neurosurgery consultation with Dr. Travis Calvin.  Physical Therapy was recommended.

9    July 20, 2007: Defendant Cook responded to Plaintiff's inmate appeal regarding his

10  "citizen complaint against Centinela Medical Department." (Compl. Ex. A at 3.)  Specifically,

11  Def. Cook stated " [w]e are having acute difficulties obtaining [physical therapy] due to very

12  limited resources for that specialty. Our health care administration is aware of the problem and is

13  working to remedy it, your patience is appreciated and the service will be scheduled as the

14  resources become available." Id.

15    August 2007: Dr. Calvin issues a report to Dr. Thornton regarding Plaintiff's condition.

16  Dr. Calvin notes Plaintiff appears in "no immediate distress." (Compl. Ex A at 22.)  Dr. Calvin

17  notes tenderness is present on the left side of the neck and moderate spasm.  Dr. Calvin

18  recommended "conservative treatment as much as possible." Id.  Dr. Calvin also recommended "a

19  lateral block." Id.

20    October 25, 2007: Plaintiff is re-evaluated by Dr. Calvin.  He found continued cervical

21  stenosis, radiculopathy and lumbosacral strain.  Dr. Calvin recommended spinal blocks. and

22  sought permission from Dr. Thornton, M.D., staff physician at Centinela State Prison.

23    October 29, 2007: Defendant Cook responded to Plaintiff's second level appeal.  "As

24  relayed in the INFORMAL and FIRST level responses our institution was unable to obtain

25  physical therapy services for a period but now have a contractor available to provide the service."

26  (Compl. Ex A at 6.)

27    December 14, 28, 2007 and January 11, 2008: Plaintiff is referred to Pioneer Hospital for

28  epidural injections.

1         **STANDARD OF REVIEW**

2         Defendants seek dismissal of Plaintiff's Complaint on the grounds that "Plaintiff  failed to

3 plead a sufficiently grave deprivation to state a claim under the Eighth Amendment; and failed to

4 show Defendants acted with deliberate indifference toward Plaintiff's health and safety." (MTD at

5 2.)

6         A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the

7 complaint.  *Navarro v. Block*, 250 F.3d 727, 732 (9th Cir. 2001).  "Federal Rule of Civil Procedure

8 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled

9 to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice

10 of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127

11 S.Ct. 2197, 2200 (2007) (internal quotations omitted) (citing *Bell v. Atlantic Corp. v. Twombly*,

12 550 U.S. __, 127 S.Ct. 1955, 1964 (2007)). Nonetheless, "[w]hile a complaint attacked by a Rule

13 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

14 provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

15 formulaic recitation of the elements of a cause of action will not do." *Bell*, 127 S.Ct. at 1964-65.

16 Thus, while specific detail is not required, ever complaint must, at a minimum, plead "enough

17 facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

18 544, __, 127 S.Ct. 1955, 1974 (2007); *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th

19 Cir. 2008).

20         The court must assume the truth of the facts which are presented and construe all

21 inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*,

22 295 F.3d 890, 895 (9th Cir. 2002).  However, "[f]actual allegations must be enough to raise a right

23 to relief above the speculative level on the assumption that all the allegations in the complaint are

24 true." *Bell*, 127 S.Ct. at 1964-65.  Thus, the court is not required to "accept as true allegations that

25 are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

26 *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), amended on other

27 grounds, 275 F.3d 1187 (9th Cir. 2001).

28         Furthermore, as a general rule, when resolving a motion to dismiss for failure to state a

1   claim, the court may not consider materials outside the pleadings. *Schneider v. California*

2   *Department of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  However, "[i]f a complaint is

3   accompanied by attached documents, the court is not limited by the allegations contained in the

4   complaint.  These documents are part of the complaint and may be considered in determining

5   whether the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston*

6   *Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied*, 484 U.S. 944, 108 S.Ct. 2330, (1987)

7   (internal citations omitted).  Further, the court may disregard allegations contradicted by the

8   complaint's attached exhibits. *Id.*

9          A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity

10   to amend, unless the complaint's deficiencies can not be cured by amendment.  *See Noll v.*

11   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

12          **DISCUSSION**

13          **A. Failure to Exhaust**

14          Here, Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff did

15   not exhaust his administrative remedies "with respect to claims that Defendants violated his rights

16   by delaying other medical services"pursuant to  42 U.S.C. § 1997 e(a). (MTD at 7.)  Specifically,

17   Defendants cite to Plaintiff's grievance filed July 10, 2007, which he included as an attachment to

18   the Complaint. Therefore, they seek dismissal under the non-enumerated provisions of

19   Fed.R.Cvi.P. 12(b).  Except for Plaintiff's claim of delay in receiving physical therapy, Defendants

20   contend Plaintiff failed to exhaust available administrative remedies

21          In opposition, Plaintiff contends he was not required to exhaust his administrative remedies

22   on the ground that "[i]f a grievance is fully granted at one of the lower levels, the full extent of

23   relief under the administrative system has already been achieved." Thus, Plaintiff contends he was

24   no  longer "obligated to pursue the appeal through the Third Level in order to exhaust

25   administratively." (Opp. at 11)

26          The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of

27   abatement" not going to the merits of the case and is properly raised pursuant to a motion to

28   dismiss, including a non-enumerated motion under Fed.R.Civ.P. 12(b). *Ritza v.  Int'l*

1  *Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt v.*

2  *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b)

3  to be the "proper pretrial motion for establishing nonexhaustion" of administrative remedies under

4  42 U.S.C. § 1997e(a).[1]  *Wyatt* also holds that non-exhaustion of administrative remedies as set

5  forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the

6  burden of raising and proving.  *Wyatt*, 315 F.3d at 1119.  However, unlike Rule 12(b)(6), "[i]n

7  deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look

8  beyond the pleadings and decide disputed issues of fact." *Id.*  at 1120 (citing *Ritza*, 837 F.2d at

9  369).

10  The Prison Litigation and Reform Act ("PLRA") amended 42 U.S.C. 1997e to provide that

11  "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

12  other federal law, by a prisoner confined in any jail, prison or other correctional facility until such

13  administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).  Exhaustion is

14  mandatory and not left to the discretion of the district court.  *Woodford v Ngo*, 584 U.S. 81, 126

15  S.Ct. 2378, 2382 (2006).   Exhaustion is required prior to the filing of any prisoner lawsuit

16  concerning prison life, whether the claims involve general conditions or specific incidents and

17  whether they allege excessive force or some other wrong.   "Even when the prisoner seeks relief

18  not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to

19  suit." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).  A claim is not "exhausted" simply

20  because administrative remedies are no longer obtainable. *Woodford v. Ngo*, 548 U.S. at 88.

21  Defendants present a three paragraph argument briefly outlining the applicable law

22  regarding exhaustion in support of their position that Plaintiff did not exhaust his administrative

23  remedies.  No declarations accompany Defendants' motion and their arguments lack specificity.

24  Alternatively, a review of Plaintiff's 602 appeal forms show that while Plaintiff's

25  grievances are not the model of clarity his claims that his constitutional right to adequate medical

26

27  [1] In so finding, the Ninth Circuit made clear that unlike a motion for summary judgment, "dismissal
28  of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id*. (citing *Ritza*, 837 F.2d at 368 & n.3).

- 5 -                              08cv742-H (WMc)

1  care were violated is obvious.   Plaintiff claims generally, "the medical department is acting

2  callously, deliberately, and wantonly. . . ." (Compl. Ex.A at 15.)  Plaintiff also claims specifically

3  "the medical department interfered with the CDCR and outside doctor's recommendation for my

4  physical therapy treatment. . . ." (Id.)

5       Here, the Court finds Plaintiff has sufficiently articulated specific and general claims in his

6  grievances. Moreover, the Court finds Defendants have failed to satisfy their initial burden of

7  demonstrating Plaintiff did not exhaust his administrative remedies. *Jones v. Bock* 127 S.Ct. at

8  922.  Accordingly, the Court recommends that Defendants' motion to dismiss pursuant to F.R.C.P.

9  12(b) be **DENIED**.

10      **C. Eighth Amendment**

11      Defendants assert: 1) "plaintiff has failed to plead a sufficiently grave deprivation to state a

12  claim under the Eighth Amendment;" and 2) "plaintiff has failed to plead any facts that Defendants

13  were deliberately indifferent." (MTD at 7.)

14      The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton

15  infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428

16  U.S. 153, 173 (1976)).  This principle "establish[ed] the government's obligation to provide

17  medical care for those whom it is punishing by incarceration." *Id.*

18      Prison officials violate a prisoner's Eighth Amendment right to be free from cruel and

19  unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs.

20  *Estelle v. Gamble*, 429 U.S. 97, 106  (1976); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir.

21  1989).  "This is true whether the indifference is manifested by prison doctors in their response to

22  the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical

23  care or intentionally interfering with the treatment once prescribed."  *Id.* at 104-05 (footnotes

24  omitted).

25      A "serious" medical need exists if the failure to treat a prisoner's condition could result in

26  further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* at 104.  Thus, the

27  "existence of an injury that a reasonable doctor or patient would find important and worthy of

28  comment or treatment; the presence of a medical condition that significantly affects an

1 individual's daily activities; or the existence of chronic and substantial pain are examples of

2 indications that a prisoner has a 'serious' need for medical treatment." *McGuckin v. Smith*, 974

3 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*,

4 104 F.3d 1133 (9th Cir. 1997) (en banc); *Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000);

5 *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) ("'serious' medical conditions

6 are those a reasonable doctor would think worthy of comment, those which significantly affect the

7 prisoner's daily activities, and those which are chronic and accompanied by substantial pain").

8     "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate

9 that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302

10 (1991).  The indifference to medical needs also must be substantial; inadequate treatment due to

11 malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429

12 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a

13 high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v.*

14 *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)).  The Supreme Court has held "medical

15 malpractice does not become a constitutional violation merely because the victim is a prisoner."

16 *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

17     The court must focus on the seriousness of the prisoner's medical needs and the nature of

18 the defendants' response to those needs. *See McGuckin*, 974 F.2d at 1059.  Differences in

19 judgment between an inmate and prison medical personnel regarding appropriate medical

20 diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v.*

21 *Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

22     Further, a mere delay in treatment does not constitute a violation of the Eighth

23 Amendment, unless the delay or denial was harmful. *See McGuckin*, 974 F.2d at 1060; *Shapley v.*

24 *Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *Hunt*, 865 F.2d at 200

25 ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an

26 Eighth Amendment violation."); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)

27 ("Certainly, not every twinge of pain suffered as the result of delay in medical care is

28 actionable.").  Not just any delay will be deemed deliberately indifferent .  It must cause serious

1   harm to the inmate.  *Shapely v. Nev. Bd. of State Prison Comn'rs*, 766 F.2d 404, 407 (9th Cir.

2   1985) (internal citations omitted).

3        **Defendant Khatri**

4        Defendant Khatri contends "Plaintiff cannot prove that Dr. Khatri acted with deliberate

5   indifference toward his medical needs." (MTD at 5).  Defendant Khatri contends he "did not

6   purposefully ignore Plaintiff's medical needs."  (Id.)

7        As evidenced in Plaintiff's Exhibit A attached to the complaint and summarized in the facts

8   section, *infra*, Defendant Khatri has been actively addressing Plaintiff's physical condition since

9   December 2006.  Specifically, Plaintiff has been seen and treated by an outside specialist and also

10  offered physical therapy.

11       In his opposition, Plaintiff attempts to discount the facts he presented in his complaint.  For

12  example, Plaintiff states "After Defendant Khatri knew of Plaintiff's worsening pain and suffering,

13  Khatri allowed Plaintiff to continue in months of chronic cervical spine pain. . ." (Opp. at 3.)

14  Plaintiff cites to pages 30-32 of Exhibit A to support his claim that Defendant Khatri failed to act

15  upon Plaintiff's serious medical needs.  However, a review of Plaintiff's Exhibit A, pages 30-32

16  shows that Dr. Khatri repeatedly authorized outside appointments for Plaintiff with specialist Dr.

17  Travis Calvin.  Such evidence runs counter to Plaintiff's claims.

18       Based on Plaintiff's complaint and the exhibits attached thereto, the Court finds Plaintiff's

19  factual allegations insufficient to "raise a right to relief above the speculative level." *Bell Atlantic*

20  *Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  Specifically, Plaintiff's factual

21  allegations, even if true, do not plausibly support his claims that Defendant Khatri disregarded an

22  excessive risk to Plaintiff's health and cannot be found to be deliberately indifferent. *See Bell*

23  *Atlantic Corp v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955,  1973 (2007).  Accordingly, it is

24  recommended that Defendants' Motion to Dismiss Plaintiff's complaint against Dr. Khatri be

25  **GRANTED**.

26       **Defendant Cook**

27       Defendants move to dismiss Plaintiff's complaint against Defendant Cook on the ground

28  that "she was not responsible for providing Plaintiff medical care." (MTD at 5.)  Further,

1  Defendants contend "Plaintiff cannot establish that the delay in securing physical therapy services

2  was due to the deliberate indifference of Ms. Cook." (Id.)

3       In response, Plaintiff contends Defendant Cook "allowed Plaintiff to suffer sufficiently

4  serious deprivation of medical treatment . . . without doing anything to prevent violations of

5  Plaintiff's rights. . ." (Opp. at 14.)  Plaintiff further contends "Mrs. C. Cook knew or reasonably

6  should have known of the Constitutional violation shown on Plaintiff's Appeal; and should be held

7  liable for failure to do anything about it." (Id.)  However, contrary to Plaintiff's assertions the facts

8  presented in the complaint and Plaintiff's own Exhibit A do not allege a constitutional violation

9  against Defendant Cook.

10       In his complaint, Plaintiff appears to contend Defendant Cook covered and made excuses

11  for the delay in Plaintiff's medical care.  A person deprives another "of a constitutional right,

12  within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative

13  acts, or omits to perform an act which he is legally required to do that causes the deprivation of

14  which [the plaintiff complains.]" *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  "The

15  inquiry into causation must be individualized and focus on the duties and responsibilities of each

16  individual defendant whose acts or omissions are alleged to have caused a constitutional

17  deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

18       Upon review of Plaintiff's complaint it appears he is attempting to hold Defendant Cook

19  liable based upon her role as medical appeals coordinator.  It is well settled that actions in

20  reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section

21  1983 action.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate

22  constitutional entitlement to a specific grievance procedure."); *see also Buckley v. Barlow,* 997

23  F.2d 494 (8th Cir. 1993).  It is clear from the complaint Defendant Cook was not involved in the

24  provision of medical care to Plaintiff.  Hence, Defendant Cook cannot be liable for violating

25  Plaintiff's constitutional rights regarding medical care.  However, assuming for the sake of

26  argument, Plaintiff properly alleged an Eighth Amendment claim against Defendant Cook, his

27  claim still fails.

28       Plaintiff's complaint asserts no facts sufficient to show the "'deprivation of any rights,

1  privileges or immunities secured by the Constitution and laws' of the United States." *Wilder v.*

2  *Virginia Hospital Association*, 496 U.S. 498, 508 (1990).  Defendant Cook responded to Plaintiff's

3  first 602 appeal within four days of receiving it.  She specifically noted that despite delay in

4  contracting for physical therapy, Plaintiff would be scheduled for physical therapy as soon as "the

5  resources become available." (Comp. Ex.A at 14.)  At the second level of appeal Defendant Cook

6  acknowledged the previous delay of physical therapy services but noted a contractor was available

7  to provide physical therapy services.  Clearly, Defendant Cook attempted to timely address

8  Plaintiff's concerns regarding his medical treatment.

9       Upon review of Plaintiff's complaint, the Court finds no facts from which it could liberally

10  construe that Plaintiff has stated a claim against Defendant Cook.  Plaintiff has failed to

11  sufficiently allege Defendant Cook was constitutionally deliberately indifferent, deliberately

12  ignored or deliberately delayed Plaintiff's medical attention.  Thus, the Court recommends

13  Defendants' Motion to Dismiss the Complaint against Defendant Cook be **GRANTED**.

14       **D. Dismissal with Prejudice**

15       "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely

16  clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v.*

17  *Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)(internal citations omitted).  "Liberality

18  in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause

19  undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*,

20  198 F.3d 752, 757 (9th Cir. 1999).

21       In this case, further revising Plaintiff's Eighth Amendment claims would be futile based

22  upon the facts already presented.  According to the exhibits attached to Plaintiff's complaint, he

23  was seen regularly by medical personnel for his spinal condition in an effort to ameliorate his pain

24  and correct his spinal problems. These facts, as asserted by Plaintiff, do not rise to the level of

25  cruel and unusual punishment because the factual allegations do not plausibly support a claim that

26  Defendants acted with deliberate indifference.  Indeed,  based upon Plaintiff's own submissions,

27  Defendants were cognizant of the complaints regarding his back pain and acted to remedy the

28  situation through medical intervention including spinal blocks and physical therapy.  Furthermore,

1  as previously noted the Court finds that any alleged delay in treatment as claimed by Plaintiff did

2  not cause substantial harm. *See Shapely v. Nevada Bd. of State Prison Com'rs*, 766 F.2d. 404, 407

3  (9th Cir. 1985).

4       It appears that no amount of revision to Plaintiff's Eighth Amendment claim can establish

5  Defendants acted with "deliberate indifference."  Accordingly, it is recommended Plaintiff's

6  complaint be dismissed **without leave to amend**.

7       **E. *Sua Sponte* Dismissal of Eighth Amendment claims against Defendants Aymar and**

8  **Calvin**

9       The Court finds, even if Plaintiff were able to amend his pleading to correct the

10  deficiencies set forth above, providing leave to amend would be futile as to Defendants Aymar and

11  Calvin. The nature of the underlying claims against Defendants Aymar and Calvin is deliberate

12  indifference by Defendants to the Plaintiff's serious medical needs.

13       Regardless of the fact that Defendants Aymar and Calvin submitted answers to Plaintiff's

14  complaint (Docket Nos.10 and 13) and  did not join in the motion to dismiss Plaintiff's deliberate

15  indifference claims, the Prison Litigation and Reform Act requires courts to review complaints

16  filed by prisoners against officers or employees of governmental entities and dismiss those or any

17  portion of those found frivolous, malicious, failing to state a claim upon which relief may be

18  granted, or seeking monetary relief from a defendant immune from such relief.  See 28 U.S.C. §§

19  1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§

20  1915(e)(2); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).  Based on a review of

21  Plaintiff's complaint, the Court finds a *sua sponte* dismissal of Plaintiff's Eighth Amendment

22  claim against Defendants Aymar and Calvin is appropriate pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

23  and 1915A.

24       Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

25  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

26  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

27  United States. *See* 42 U.S.C. § 1983 ; *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2122

28  (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

1   The deliberate indifference claims against Defendants Aymar and Calvin fail to state a

2   claim upon which § 1983 relief can be granted.  Deliberate indifference to a prisoner's serious

3   medical needs is proscribed by the Eighth Amendment's restriction against "cruel and unusual

4   punishment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prisoner may establish a violation of

5   42 U.S.C. § 1983 when he receives inadequate medical care that amounts to "deliberate

6   indifference." *Id.*  To establish a violation there first must be a serious medical need which could

7   lead to further inquiry or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d

8   1091, 1096 (9th Cir. 2006). Plaintiff must then show prison officials responded with deliberate

9   indifference. *Id.*

10   **Defendant Aymar**

11   Defendant Aymar is referenced only twice in Plaintiff's medical treatment history. First in

12   June of 2007, Defendant Aymar recommends Plaintiff be seen by a specialist within thirty days

13   due to Plaintiff's continued pain symptoms.  Second, in September of 2007, Defendant Aymar

14   completed a Physician Request for Services.  In that form, Defendant Aymar noted the

15   recommendation of Dr. Calvin that Plaintiff receive an MRI.  Thus, Defendant Aymar requested

16   an MRI for Plaintiff.  Plaintiff received the MRI in October 2007.

17   Here, Plaintiff has not alleged any facts plausibly showing Defendant Aymar was

18   deliberately indifferent to Plaintiff's medical needs.  *See Estelle v. Gamble*, 429 at 104.

19   Accordingly, the Court recommends the alleged claims against Defendant Aymar be dismissed *sua*

20   *sponte*.

21   **Defendant Calvin**

22   Defendant Calvin is the neurological specialist who examined and treated Plaintiff.

23   Defendant Calvin does not work at Centinela State Prison but is an outside specialist used by the

24   prison.  In his complaint, Plaintiff briefly asserts "this defendant has an affirmative duty to assure

25   that Plaintiff's medical needs, which were/are contracted to his Medical Group, are acted upon."

26   (Compl. at 2.)

27   A review of Plaintiff's Exhibit A demonstrates Defendant Calvin examined and treated

28   Plaintiff for his arm, neck and back pain.  Plaintiff has provided at least five CDC forms 7532,

1  which are used when an inmate is going to be transported outside of the correctional facility for

2  medical treatment.  Each of these forms is for a separate appointment to see Dr. Calvin for

3  treatment.  In sum, the Plaintiff's own record is replete with facts that Dr. Calvin treated Plaintiff's

4  medical condition.

5          Plaintiff's Exhibit A directly contradicts the factual allegations presented in Plaintiff's

6  Complaint against Dr. Calvin.  *See Roth v. Garcia Marquez,* 942 F.2d 617, 625 n. 1 ("If a

7  complaint is accompanied by attached documents, the court is not limited by the allegations

8  contained in the complaint.  These documents are part of the complaint and may be considered in

9  determining whether the plaintiff can prove any set of facts in support of the claim.") (internal

10  citations omitted).  A claim for deliberate indifference does not arise just because the Plaintiff does

11  not receive the care he believes he is entitled to.  *See, Wood v. Housewright*, 900 F2d. 1332, 1334

12  ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial

13  indifference in the individual case. . .")  Therefore, the Court recommends the claims against

14  Defendant Calvin be dismissed *sua sponte*.

15        **CONCLUSION**

16        For the reasons set forth above, this Court recommends that the District Court:

17        1. **DENY** Defendants' motion to dismiss Plaintiff's Complaint for failure to exhaust

18  administrative remedies;

19        2. **GRANT** Defendants Khatri and Cook's motion to dismiss for failure to state a claim;

20        3. Dismiss *with* prejudice Plaintiff's Complaint;

21        4. *Sua sponte* dismiss Defendants Aymar and Calvin pursuant to 28 U.S.C. §§

22  1915(e)(2)(B) and 1915A, for failure to state a claim.

23        This Report and Recommendation of the undersigned Magistrate Judge is submitted to the

24  United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §

25  636(b)(1). On or before **February 13, 2009**, any party may file written objections with the court

26  and serve a copy on all parties.  The document should be captioned "Objections to Report and

27  Recommendation."  Any reply to the objections shall be filed and served on or before **February**

28  **27, 2009**.  The parties are advised that failure to file objections within the specified time may

08cv742-H (WMc)

1    waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*,

2    158 D.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3       IT IS SO ORDERED.

4    DATED:  January 16, 2009

5

6                                Hon. William McCurine, Jr.
                                       U.S. Magistrate Judge

7                                        United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

            08cv742-H (WMc)