# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ESPOSITO,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>D. KHATRI, M.D., et al.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08cv742-H (WMc)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION TO (1) GRANT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; and (2) DISMISS THE REMAINING CLAIMS** |

Anthony Esposito ("Plaintiff") proceeds pro se and in forma pauperis ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). Plaintiff alleges Defendants Khatri, Cook, Aymar and Calvin violated Plaintiff's Eighth Amendment Right to medical care by denial and delay of treatment for a cervical spine condition while he was in custody at Centinela State Prison, located in Imperial, California. (Docket No. 1.)

**PROCEDURAL BACKGROUND**

Plaintiff filed the present complaint on April 23, 2008. (Id.) Defendants Khatri and Cook filed a Motion to Dismiss on August 26, 2008. (Docket No. 11.) On October 22, 2008, Plaintiff filed his Opposition to the Motion to Dismiss. (Docket No. 19.) On January 16, 2009, the Magistrate Judge issued a Report and Recommendation recommending: (1) the Defendants' Motion to Dismiss be granted, and (2) sua sponte dismissal of claims against the remaining defendants. (Docket No. 21.) Plaintiff filed Objections to the Report and Recommendation on February 10, 2009. (Docket No. 23.)

Defendants replied on February 27, 2009.  (Docket Nos. 24 and 25.)  This Court **ADOPTS** the Report and Recommendation.

**FACTS**

Based on the medical records attached to the Plaintiff's Complaint and Objection, this Court summarizes Plaintiff's medical history as follows:

Dr. Thornton, a staff physician at Centinela State Prison, requested that Plaintiff receive an MRI of the cervical spine in early December of 2006.  (Compl. Ex. A at 36.)  Plaintiff received the MRI on December 26, 2006.  (Id. at 34-35.)  The MRI revealed no abnormalities of the spinal cord, some stenosis at the C6-7 level, mild narrowing of the right neural foramen and moderate narrowing of the left neural foramen.  (Id.)

In March of 2007, Chief Physician Khatri requested authorization for a neurosurgery consultation with Dr. Travis Calvin located in El Centro, CA, regarding Plaintiff's spinal stenosis and cervical spine.  (Id. at 31.)  On May 4, 2007, Chief Medical Officer Barreras requested authorization for Plaintiff to receive further neurosurgery consultation with Dr. Calvin on May 10, 2007.  (Id. at 30.)  On May 10, 2007, Dr. Aymar recommended physical therapy for the Plaintiff as a result of a worsening clinical status.  (Id. at 29.)

The Plaintiff did not immediately receive physical therapy and filed a 602 Appeal that was received by the Inmate Appeals Office on July 16, 2007.  (Id. at 3.)  Four days later, Health Care Appeals Coordinator Cook responded to Plaintiff's inmate appeal regarding his "citizen complaint against Centinela Medical Department."  (Id.)  Cook's response stated "we are having acute difficulties obtaining [physical therapy] due to very limited resources for that speciality.  Our health care administration is aware of the problem and is working to remedy it, your patience is appreciated and the service will be scheduled as the resources become available."  (Id.)

On August 2, 2007, Dr. Calvin issued a report to Dr. Thornton regarding Plaintiff's condition.  (Id. at 21-25.)  Dr. Calvin noted Plaintiff appeared in "no immediate distress," but that tenderness was present on the left side of the neck and moderate spasm.  (Id. at 22-23.)  Dr. Calvin recommended "conservative treatment as much as possible" and  recommended "a lateral block."  (Id.)

Dissatisfied with the Informal Response of his 602 Appeal, Plaintiff further pursued his appeal

and on September 11, 2007. (Id. at 5.) The First Level Appeal Response of Health Care Appeals Coordinator Cook and Chief Physician Khatri noted that the Plaintiff as was assessed by Dr. Aymar again on September 6, 2007 following the informal response. (Id.) At that assessment, Dr. Aymar generated a request for a current MRI of Plaintiff's spine to assess changes. (Id.) The First Level Response also noted that although physical therapy is still pending, those services "continue to be at a standstill with health care administration aware of the issue." (Id.)

On October 25, 2007, Dr. Calvin re-evaluated Plaintiff. He found continued cervical stenosis, radiculopathy and lumbosacral strain. Dr. Calvin recommended spinal blocks. Later that month Health Care Appeals Coordinator Cook responded to Plaintiff's Second Level Appeal and stated: "As relayed in the INFORMAL and FIRST level responses our institution was unable to obtain physical therapy services for a period but now have a contractor available to provide the service." (Id. at 6.)

In December of 2007 and January of 2008 Plaintiff was referred to Pioneer Hospital for epidural injections. (Id. at 10-12.)

The Plaintiff has since received corrective surgery for spinal fusion extending from C4 through C6. (Obj. Ex. B.)

**STANDARD OF REVIEW**

Defendants move to dismiss Plaintiff's Complaint for failure to (1) "plead a sufficiently grave deprivation to state a claim under the Eighth Amendment," and (2) "show Defendants acted with deliberate indifference toward Plaintiff's health and safety." (MTD at 2.)

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 727, 732 (9th Cir. 2001). The Federal Rules of Civil Procedure require the Plaintiff to provide a short and plain statement of the claim showing that the pleader is entitled to relief and that gives Defendants fair notice of the grounds upon which the claim rests. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Although specific detail is not required to survive a motion to dismiss, every complaint must at least plead "enough facts to state a claim for relief that is plausible on its face." Id. at 1974. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

In reviewing a motion to dismiss, the court construes the facts and inferences in the light most favorable to the non-moving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Bell, 127 S.Ct. at 1964-65. Consequently, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) amended on other grounds, 275 F.3d 1187 (9th Cir. 2001). Furthermore, while the Court may not consider materials outside the pleadings, if a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. Id.

This Court reviews objections to the Report and Recommendation de novo. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

    **A.    Motion to Dismiss Based on Failure to Exhaust Administrative Remedies**

Defendants argue for dismissal of Plaintiff's complaint because Plaintiff did not exhaust his administrative remedies "with respect to claims that Defendants violated his rights by delaying other medical services" pursuant to 42 U.S.C. § 1997e(a). (MTD at 7.) In particular, Defendants cite to Plaintiff's grievance filed July 10, 2007, to show that Plaintiff only exhausted administrative remedies with regard to the delay in physical therapy. (Id.) In his Opposition, Plaintiff countered that he was not required to exhaust his administrative remedies once the grievance was fully granted at one of the lower levels because the full extent of relief under the administrative system has been achieved." (Opp. at 11.)

The Prison Litigation and Reform Act ("PLRA") prohibits an action being brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, unless such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is not left to the court's discretion. Woodford v. Ngo, 548 U.S. 81, 85 (2006). The

1  PLRA requires exhaustion even when the prisoner seeks relief, such as monetary awards, that cannot
2  be granted by the administrative process. Id. A claim is not exhausted simply because administrative
3  remedies are no longer available. Id.

4  The Defendants' Motion to Dismiss outlined the applicable law regarding exhaustion but did
5  not fully articulate how the Plaintiff failed to exhaust his administrative remedies. (MTD 6-7.) Indeed,
6  no declarations accompanied the Defendants' motion, and the arguments lacked specificity. Review
7  of the Plaintiff's 602 appeal forms, on the other hand, show that although the Plaintiff could have been
8  considerably clearer, he did make out a claim for a violation of his constitutional right to adequate
9  medical treatment. For example, Plaintiff claimed that "the medical department is acting callously,
10 deliberately, and wantonly..." (Compl. Ex. A. at 3.) More specifically, Plaintiff claimed that "the
11 medical department interfered with the CDCR and outside doctor's recommendation" for his physical
12 therapy treatment. (Id.)

13 As a result, this Court agrees with the Report and Recommendation that Defendants failed to
14 satisfy their initial burden of demonstrating that Plaintiff did not exhaust his administrative remedies
15 with regard to all his claims. Accordingly, this Court **DENIES** the Defendants' motion to dismiss
16 based on failure to exhaust administrative remedies.

17 **B.  Motion to Dismiss Claims Against Khatri and Cook Based on Failure to**
18 **State a Claim**

19 Defendants assert that Plaintiff failed to plead: (1) a sufficiently grave deprivation to state a
20 claim under the Eighth Amendment, and (2) any facts that Defendants acted with deliberate
21 indifference. (MTD at 7.)

22 A prison official's deliberate indifference to a prisoner's serious medical needs violates the
23 Eighth Amendment right to freedom from cruel and unusual punishment. Estelle v. Gamble, 429 U.S.
24 97, 103 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result
25 in further significant injury, or the "unnecessary and wanton infliction of pain." Id. at 104. Examples
26 of a serious medical condition include "existence of an injury that a reasonable doctor or patient would
27 find important and worthy of comment or treatment; the presence of a medical condition that
28 significantly affects an individual's daily activities; or the existence of chronic and substantial pain."

Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In order to show deliberate indifference to a serious medical condition, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). This may include a prison guard's intentional denial or delay of access to medical care, or a prison doctor's response to the prisoner's medical needs. Estelle, 429 U.S. at 106. However, indifference to medical needs must be substantial; "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. A mere delay in treatment does not constitute deliberate indifference. Shapely v. Nev. Bd. of State Prison Comn'rs, 766 F.2d 404, 407 (9th Cir. 1985). For a delay to violate the Eighth Amendment, it must cause serious harm to the inmate. Id. Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis and course of treatment as insufficient to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### i.     Defendant Khatri

Defendant Khatri is the Chief Physician at Centinela State Prison. Although Plaintiff contends that Defendant Khatri failed to act on Plaintiff's serious medical needs, Exhibit A attached to the Complaint shows that Defendant Khatri actively addressed Plaintiff's physical condition since at least December 2006. Review of Plaintiff's Exhibits shows that Defendant Khatri repeatedly authorized outside appointments for Plaintiff with specialist Dr. Calvin. (Compl. Ex. A at 30-32.)

As a result, this Court **ADOPTS** the Report and Recommendation with regard to Defendant Khatri. Plaintiff's Complaint, Objection, and the Exhibits attached to both, fail to create a factual allegation of deliberate indifference sufficient to "raise a right to relief above the speculative level." Bell, 127 S.Ct. at 1965. Specifically, Plaintiff's allegations, even if true, do not plausibly support his claims that Defendant Khatri disregarded an excessive risk to Plaintiff's health. See id. Consequently, the Motion to Dismiss Eighth Amendment claims against Defendant Khatri is **GRANTED** because Plaintiff cannot show that Defendant Khatri acted with deliberate indifference.

### ii.    Defendant Cook

Defendant Cook is a Medical Appeals Coordinator at Centinela State Prison. Defendant Cook handled Plaintiff's Informal, First Level Formal and Second Level Formal 602 Appeals. (Compl. Ex.

A 3-6.) Defendant Cook responded to Plaintiff's Informal 602 Appeal within four days of it being received by the Appeals Department. (Id. at 3.) At that time, Defendant Cook partially granted the appeal and specifically noted that despite "acute difficulties obtaining that service due to very limited resources for that speciality," Plaintiff would be scheduled for physical therapy as soon as "the resources become available." (Id. at 3.) On September 11, 2007, Defendant Cook partially granted the First Formal Level Appeal, noting amongst other things that "physical therapy services continue to be at a standstill with healthcare administration aware of the issue." (Id. at 5.) Finally, on October 29, 2007, Defendant Cook granted the appeal at the Second Formal Level. (Id. at 6.)

As a result, this Court **ADOPTS** the Report and Recommendation with regard to Defendant Cook. Even if Plaintiff's Complaint was not construed as an impermissible attempt to hold Defendant Cook liable on the basis of her role as Medical Appeals Coordinator, Plaintiff failed to create a factual allegation of deliberate indifference sufficient to "raise a right to relief above the speculative level." Bell, 127 S.Ct. at 1965. Consequently, the Motion to Dismiss Eighth Amendment claims against Defendant Cook is **GRANTED** because Plaintiff cannot show that Defendant Cook acted with deliberate indifference.

### C. Dismissal of Claims Against Aymar and Calvin Based On Failure to State a Claim

The PLRA requires this Court to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those, or any portion of those, found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (reviewing § 1915(e)(2)); Resmick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000) (reviewing § 1915A).

Having reviewed the deliberate indifference claims against Defendants Aymar and Calvin, this Court **ADOPTS** the Report and Recommendation with regard to dismissal of claims against Aymar and Calvin.

///

///

### i. Defendant Aymar

Defendant Aymar is a medical physician at Centinela State Prison. Defendant Aymar is referenced only twice in Plaintiff's medical treatment history. First, in June of 2007, Defendant Aymar recommends Plaintiff be seen by a specialist within thirty days due to Plaintiff's continued pain symptoms. Second, in September of 2007, Defendant Aymar completed a Physician Request for Services. In that form, noted Dr. Calvin's recommendation that Plaintiff receive and MRI. Thus, Defendant Aymar requested an MRI for Plaintiff, which Plaintiff received in October 2007. Plaintiff has not alleged any facts plausibly showing Defendant Aymar was deliberately indifferent to Plaintiff's medical needs. See Estelle, 429 U.S. at 104. The Plaintiff's objections add nothing further to his allegations. Accordingly, the Court **DISMISSES THE CLAIMS.**

### ii. Defendant Calvin

Defendant Calvin is the outside neurological specialist who examined and treated Plaintiff for his arm, neck and back pain. Plaintiff provided at least five CDC forms 7532, which are used when an inmate is going to be transported outside of the correctional facility for medical treatment. Each of these forms represents a separate appointment to see Dr. Calvin. Here, Plaintiff's own Exhibits show that Dr. Calvin treated Plaintiff. Scrutiny of the facts does not reveal deliberate indifference in the Plaintiff's treatment. See Woods v. Housewright, 900 F.2d 1332, 1334(9th Cir. 1990). Because the Plaintiff has not shown deliberate indifference, the Court **DISMISSES THE CLAIMS.**

### D. Dismissal with Prejudice

A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. See Karim-Panahi v. L.A. Police Dept., 839 F.2d 621, 623 (9th Cir.1988). Here, revising Plaintiff's Eighth Amendment claims would be futile because it appears that no amount of revision can establish that Defendants acted with deliberate indifference. Accordingly, this Court dismisses the Complaint **WITHOUT LEAVE TO AMEND.**

///

///

///

**CONCLUSION**

For the reasons set forth above and in the Report and Recommendation, this Court:

**1.** **DENIES** Defendants' motion to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies;

**2.** **GRANTS** Defendants Khatri and Cook's motion to dismiss for failure to state a claim;

**3.** **DISMISSES** claims against Defendants Aymar and Calvin pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

**4.** **DENIES LEAVE TO AMEND** Plaintiff's Complaint.

IT IS SO ORDERED.

DATED: March 16, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT